[Civ. No. 31467.   Second Dist., Div. Two.   Oct. 10, 1968.]

PAUL HENRIED, Plaintiff and Appellant, v. FOUR STAR TELEVISION, Defendant and Respondent.

**436**

Oliver B. Schwab and Alan E. Robbins for Plaintiff and Appellant.

Lillick, McHose, Wheat, Adams & Charles, Kenneth E. Kulzick and Pamela Ann Rymer for Defendant and Respondent.

FLEMING, J.—Suit for appropriation of literary property and an idea. The amended complaint charged that plaintiff, an actor and writer, submitted material to defendant, a producer, which the latter used for dramatic purposes in breach of an express contract, in breach of an implied-in-fact contract, fraudulently, and in violation of a confidential relationship. Plaintiff's material, which was attached to his complaint, consisted of a seven-page synopsis of an idea for a television series entitled "The Two Manhattens," elements of which, according to the charge, defendant appropriated for its television series entitled "Burke's Law."

Pursuant to Code of Civil Procedure, section 426, subdivision 3, the trial court viewed the pilot film for "Burke's Law" and a representative episode of the series entitled "Who Killed Mr. X?" Thereafter the court sustained a demurrer to the complaint without leave to amend, finding there was no substantial or material similarity between plaintiff's material and defendant's series. The complaint was dismissed, and this appeal followed.

Since the issue of substantial or material similarity between plaintiff's submission and defendant's television series is factual (*Weitzenkorn* v. *Lesser*, 40 Cal.2d 778, 791 [256 P.2d 947]), we have viewed the material before the trial court in order to determine the correctness of the latter's ruling.

■ Plaintiff's proposed series concerned a father (fine old Austrian family) and grown son (deceased American mother) who participate as trouble shooters in the high-level intrigues of the international set in order to familiarize the son with the adventures of life before the son enters the routine of law school. The television series, "Burke's Law," is about a millionaire bachelor detective in the homicide bureau who solves murders and likes pretty girls. In plot, motivation, subject matter, milieu, and characterization we find nothing in com-

mon between the two properties. The only point of similarity, a point to which plaintiff desperately clings, is that both heroes travel in chauffeur-driven Rolls Royces. In this respect art imitates life, and follows the tracks of Ian Fleming and countless others who, after coming into money, favored the same automobile manufacturer with their patronage. But a resemblance based solely on the use of a well-publicized, even bromidic, symbol for wealth and luxury seems grossly inadequate to sustain a claim of substantial or material similarity between elements of the two properties. In our view the trial court correctly determined that no cause of action had been pleaded.

The judgment is affirmed.

Roth, P. J., and Nutter, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 4, 1968.

*Assigned by the Chairman of the Judicial Council.